IN RE ESTATE OF ABRAHAM ROSENBERY.
CHARLES W. ROSENBERY ET AL., APPELLANTS, V. HELEN E.
ROSENBERY ET AL., APPELLEES.

273 N. W. 805

FILED JUNE 11, 1937. No. 29993.

*Cranny & Moore* and *Benjamin S. Baker*, for appellants.

*Brown, Fitch & West* and *B. N. Robertson*, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

ROSE, J.

This is a controversy over the meaning of the words "lawful heirs" as used in the probated will of Abraham Rosenbery, deceased. The pertinent parts of the will are the second and third paragraphs, which read as follows:

"2. I hereby give, devise and bequeath to my beloved wife, Mina Rosenbery, all moneys and credits due and payable to me, or payable to my estate as life insurance, by, from or in, any and all life insurance companies, on account of or in connection with life insurance on my life, and also one-third of all the balance of my property, both real and personal, of which I may die seised, wherever situated, to have and to hold in her own right forever. These items are given in lieu of her dower or statutory interest in my property as my wife; and in case I survive her, the property that would have gone to her, if living, I hereby will, devise and bequeath to my children, hereinafter named, to be distributed as herein provided in paragraph 3.

"3. All the balance of my property of which I may die

seised, and wherever situated, I hereby will, devise and bequeath to my children, G. W. Rosenbery, C. D. Rosenbery and Mrs. E. M. Miller, share and share alike, and in case of the death of any one of them during my lifetime, the lawful heirs of such deceased child shall receive the share that would have gone to him (or her) had he (or she) survived me."

The will was executed December 8, 1926. Testator died June 28, 1935. His wife, Mina Rosenbery, died June 24, 1933. The son, G. W. Rosenbery, died February 15, 1931, leaving surviving him his widow, Helen E. Rosenbery, his adult son, Charles W. Rosenbery, and his minor daughter, Dorothy D. Rosenbery, of whom the Omaha National Bank is acting as guardian. Helen E. Rosenbery is not the mother of Charles W. Rosenbery but is the mother of Dorothy D. Rosenbery. Helen E. Rosenbery claims that she is a "lawful heir" of her deceased husband, G. W. Rosenbery, and that as such she is entitled to a share of what he would have received under his father's will had he survived his father. Charles W. Rosenbery and Dorothy D. Rosenbery asserted they are the only lawful heirs of G. W. Rosenbery, deceased. For the purpose of a partial distribution of testator's estate, B. N. Robertson, executor, and C. D. Rosenbery, administrator, petitioned the county court to define the words "lawful heirs," as used in the will. The rival parties named presented the issue of heirship by proper pleadings. The county court found "That the word 'heirs' has a fixed meaning, both in law and in fact, and that said word 'heirs' includes the widow of deceased G. W. Rosenbery," and entered a decree in her favor. Charles W. Rosenbery and Dorothy D. Rosenbery, by her guardian, appealed to the district court, where the findings and decree were the same as in the county court. Appellants in the district court appealed to the supreme court.

Appellants take the position that the widow is not an heir of her deceased husband. They argue that the Nebraska statute, adopting applicable portions of the common law of England, defines an heir to be "He who is born

or begotten in lawful wedlock and upon whom the law casts the estate in lands, tenements or hereditaments immediately upon the death of his ancestor;" that the rights of the surviving wife are limited to her statutory interests in the estate of her husband at the time of his death; that the legislature made her a distributee of the property of which her husband died seised, but not an heir. These propositions were elaborately presented by appellants at the bar and in their brief, including references to statutes, text-books and opinions of courts. There is a diversity of judicial opinion on this subject, but the present chief justice, after referring to statutes and cases, ruled as follows:

"So, under the substantive law existing in Nebraska since 1907, either spouse may be an heir of the other. Unless excluded by unambiguous words or by clear implication from the language used in a will, the description therein of 'heirs' includes a surviving spouse as well as a surviving child or surviving children." *In re Estate of Hanson,* 118 Neb. 208, 224 N. W. 2.

In the present instance, neither by "unambiguous words" nor by "clear implication from the language used" does the will exclude the surviving wife as an "heir" of her deceased husband. Both the county court and the district court applied strictly the ruling of the supreme court in the *Hanson* case on the issue of heirship and in doing so did not err.

The surviving widow applied to the district court for an order correcting its decree by allowing her one-ninth of testator's estate instead of one-twelfth as recited therein. The application was renewed here but cannot be considered, since there is no cross-appeal presenting that question.

The administrator and the executor were impartial in their attitude toward the rival litigants on the controverted issue and will not be taxed with any costs of this appeal.

AFFIRMED.